

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 5604 ) |
| BRIAN JENSEN, | ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Brian Jensen has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has moved to dismiss that motion as untimely. In 2003, Mr. Jensen pled guilty to possession with intent to distribute a controlled substance (a violation of 21 U.S.C. § 841(a)(1)) and was sentenced by this court. He originally filed a direct appeal of this judgment on August 12, 2003, but dismissed his appeal one day later (Mr. Jensen contests his consent to this dismissal and claims it constituted ineffective assistance of counsel). The one-year period for Mr. Jensen to file a § 2255 motion thus began to run on August 13, 2003. 28 U.S.C.A § 2255 ¶ 6 (2005). Mr. Jensen did not file this motion until September 24, 2005, however, over a year after the period for filing such a motion had expired.

Mr. Jensen argues that this court should apply the doctrine of equitable tolling to allow him to file his motion at this time. There is precedent for equitable tolling in the Seventh Circuit,

*see, e.g., United States v. Nolan*, 358 F.3d 480, 484 (7th Cir. 2004) ("[T]his court recognizes the possibility of equitable tolling for § 2255 petitioners."). Mr. Jensen suggests that this court should allow him some latitude because of medical problems caused by a motorcycle accident. The accident caused him significant knee and ankle injuries which led this court to delay the time at which Mr. Jensen had to report to the Bureau of Prisons to serve his sentence (he eventually reported on February 28, 2004). Still, Mr. Jensen has presented no convincing argument why that accident caused such a prolonged and substantial impairment of his ability to file a motion. The submissions from his physician that Mr. Jensen references in his motion[1] do not refer to any medication Mr. Jensen might have been taking at the end of 2003 or thereafter, or reference any defect that could have significantly incapacitated Mr. Jensen. These submissions only state that at that time Mr. Jensen suffered from "anterior knee pain" and patellar tendonitis, and suggested Mr. Jensen receive six additional weeks of physical therapy. These injuries do not justify equitable tolling. Even assuming that they do, however, such that the period of limitation should begin to run when Mr. Jensen began serving his sentence (at which time he apparently concluded physical therapy and other medical care), he should have

---

[1]This submission was attached to his emergency agreed motion for extension of surrender date, filed on December 23, 2003 in his criminal case.

2

filed his motion by February 28, 2005. He waited seven additional months. He is simply too late.[2]

Mr. Jensen contends that an evidentiary hearing is necessary to determine factual issues, including whether any medication Mr. Jensen was taking could have impacted his mental condition for an extended period of time, but he makes no preliminary showing that this was a possibility. An evidentiary hearing would therefore serve no useful purpose for this inquiry. Mr. Jensen also suggests that the mere fact that he is claiming ineffective assistance of counsel should require equitable tolling, but recognition of an exception this large would surely swallow the rule. *Id*. ("Equitable tolling is a remedy reserved for [e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing.") (internal citations omitted).

---

[2]Mr. Jensen also contends that "attorney abandonment" can be grounds for equitable tolling of the § 2255 limitations period. The cases that Mr. Jensen cites, however, deal with situations in which an attorney's conduct directly caused a defendant to miss the deadline for filing a § 2255 motion. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (finding equitable tolling appropriate where attorney failed to file requested motion and refused to return file to client to allow client to file pro se motion). Although Mr. Jensen's attorney may not have filed a § 2255 motion on Mr. Jensen's behalf, there is no evidence that his attorney caused Mr. Jensen to miss the deadline. Mr. Jensen does argue that his attorney dismissed his direct appeal without his consent, and perhaps intends to argue that, had his attorney not dismissed his appeal, the deadline for his filing of a § 2255 motion would have been extended pending the outcome of that appeal. This is not the relevant inquiry for equitable tolling, however - if Mr. Jensen was personally able to file a § 2255 motion during the relevant time period, he should have done so.

Mr. Jensen makes the alternative argument that the time period for his motion should not have tolled until the Supreme Court's decision in *United States v. Booker*, 534 U.S. 220 (2005). Section 2255 does allow the period of limitation to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255 ¶ 6(3). However, the Seventh Circuit has explicitly held that *Booker* is not retroactive. *McReynolds v. U.S.*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

The government's motion to dismiss Mr. Jensen's § 2255 motion as untimely is therefore granted, and Mr. Jensen's motion is dismissed.

**ENTER ORDER:**

*Elaine E. Bucklo*
─────────────────────
**Elaine E. Bucklo**
United States District Judge

Dated: May 8, 2006